# JOSEPH BATES v. SIERRA NEVADA LAKE WATER AND MINING COMPANY.

Suit for services as agent of defendant under a contract. Defendant in answer sets up a violation of the contract on the part of plaintiff; and also certain other matter amounting to a tort on his part—as conspiracy to have the property of defendant sold, and bought in by him, circulating false reports that defendant was bankrupt, its affairs a swindle, etc.: *Held*, that this latter portion of the answer was properly struck out on motion of plaintiff.

The contract between the parties in this case providing that it could be terminated by six months' notice on either side, and defendant claiming to have given such notice: *Held*, that the notice contemplated by the contract was notice from the defendant as a corporation, organized and doing business in California, and not notice of instructions from a committee of the London agency of the company. See facts.

APPEAL from the Eleventh District.

The complaint avers, in substance, that defendant is a corporation under the laws of California; that on the fifteenth of March, 1857, plaintiff, then at and a resident of London, in England, was engaged by certain persons, professing to have authority, to come to California and take charge of a portion of the works of defendant; that plaintiff accordingly came to California, and here learned that these persons had no such authority; and that subsequently, on the second of June, 1857, at a regular meeting of the trustees of defendant at San Francisco, he, plaintiff, was employed by defendant upon the terms named in a resolution then passed, the gist of which is, that a committee, consisting of plaintiff and three other persons, was appointed to manage the affairs of the company in California—plaintiff being general superintendent, at a salary of $1,500, with board and lodging, and the agreement between him and defendant being " subject to termination on six months' notice being given on either side from any period."

The complaint then avers that plaintiff entered upon and faithfully discharged his duties under the agreement, until Aug. 18th, 1859, when he was notified by defendant that his employment would be terminated in six months; that he continued in the discharge of his duties, until Feb. 18th, 1860; and that defendant is indebted to him $2,696.

Defendant for answer denies that plaintiff was employed by the resolution passed in San Francisco as alleged; and avers that the persons originally employing plaintiff, as is set out in the complaint, had authority to bind defendant; and that the agreement entered into per the resolution referred to was no more nor less than a ratification of a previous contract which was made with plaintiff by several large stockholders in the company, called the London committee, at a meeting in London, April 16th, 1857, when a resolution was passed appointing plaintiff to go to California, and act as superintendent and member of the California committee, etc., at $1,500 per year—the contract to be "subject to termination on six months' notice being given on either side."

The answer then avers that defendant terminated said contract on the sixth day of June, 1859, by notice given six months previously; and admits the services of plaintiff from his arrival in San Francisco, in May 25th, 1857, till his departure therefrom in September following; and denies any other services—averring that plaintiff left the employment of defendant, neglected and refused to discharge his duties, etc.; that defendant was compelled to employ in plaintiff's place one Josiah Bates, etc.

"Defendant further answering avers that plaintiff has not complied with the terms of said contract on his part, but has broken and forfeited the same, and among the many delinquencies and wrong doings on his part in violation of said contract, defendant enumerates the following, to wit: That during the time that plaintiff ought to have been in the employ of said defendant under said contract, from the ——.day of September, 1857, to the —— day of June, 1858, plaintiff left the county of Sierra, in which the property and business of said corporation are situated, and the employment of the defendant, and resided in the city of San Francisco, whereby defendant was greatly injured and damaged; that plaintiff during the whole time which he professed to act for and be in the employ of said corporation, was in the habit of circulating false and injurious reports, to the effect that the said corporation was bankrupt and insolvent, and that the same had always been a swindle, for the purpose and with the intent of destroying the credit of said corporation in California, so that he and others might get and obtain the man-

agement and control of the property of said corporation by means of forced sales and the like, and that by such means the credit and good name of said corporation were greatly injured and damaged, to wit: in the sum of $50,000 ;" that he failed and refused to discharge the duties of his employment, " but on the contrary, was constantly engaged in circulating false and injurious reports about and against the corporation, and in conspiracy with divers other persons for the purpose of transferring the property of the corporation in California to himself and his co-conspirators, to defraud his employers and the stockholders, and to acquire the management and control of said corporation ; that said plaintiff was in the habit, during the time mentioned, of carrying the books and papers of the corporation to Downieville, and consulting lawyers, to obtain information how he could disincorporate said corporation, and take an undue advantage thereof, and turn the same to his own benefit, wherefore, defendant denies that plaintiff ever did or performed any services of any value for said corporation after his departure for San Francisco, in September, 1857."

Before the trial, plaintiff moved to strike out those portions of the answer next preceding, and embraced in quotation marks.    Motion granted.

The notice to terminate the contract between the parties is as follows :

" <em>Forest City</em>, Dec. 6th, 1858.

" Mr. Bates :

" Dear Sir—In accordance with instructions which I have received from the committee of the London agency, dated fifteenth October last, I hereby give you notice that in six months from this date the California part of your engagement will terminate with this company. And you are required at the expiration of that time to return to London and to resume your duties as Secretary there.

" I am yours, most respectfully,

"Josiah Bates."

This notice was given in obedience to a resolution passed at a meeting in England of the London committee Oct. 15th, 1858, to the effect, that " on the receipt of these dispatches, Mr. Josiah Bates

is authorized to give Mr. Joseph Bates six months' notice of the company's closing their engagement with him in California, in order to require his duties as Secretary here."

Plaintiff refused to give up his position under this notice, and on the twenty-third of July, 1859, the secretary of the corporation gave him another notice that the engagement between him and the company should cease in six months. This is the evidence of the secretary, though from the briefs of counsel it would seem that this notice was effected by the board of trustees, ratifying, at a meeting held July 23d, 1859, the previous notice given by Josiah Bates.

The Court below found that the notice required by the contract was this latter notice, and accordingly gave judgment for plaintiff for compensation up to January 23d, 1860. Defendant appeals.

*Stewart & Thornton*, for Appellant.

1. The Court below erred in striking out a portion of defendant's answer. Breach of contract by plaintiff can be set up by defendant to defeat or reduce the recovery on the contract. (Pr. Act, secs. 47, 49 ; Barb. on Set Off, 26 ; *Still v. Hall*, 20 Wend. ; Sedg. on Dam. 440, note, 446 ; 12 Pick. 332–3 ; 22 Barb. 146.)

2. The notice given plaintiff by Josiah Bates Dec. 6th, 1858, was a compliance with the contract ; and the employment of plaintiff terminated at the end of six months from that date, and not from the period when the board of trustees ratified this notice, to wit : July 23d, 1859.

*Vanclief & Pratt*, for Respondent.

1. If those portions of the answer stricken out constitute any ground of action in favor of defendant against plaintiff, such action must be *ex delicto*, as it does not arise out of the contract sued on, nor is it connected with the subject of the action. It is in the nature of a cause of action for slander, if it amounts to anything at all. A cause of action in tort cannot be pleaded by the defendant in action *ex contractu*, either by way of set off, counter claim or recoupment. (*McAllister v. Reab*, 4 Wend. 483 ; 8 Id. 109 ; *Batterman v. Pierce*, 3 Hill, 170 ; *Cram v. Dresser*, 2 Sand. 125 ; Van Santvoord's Plead. 559, *et seq.* ; Pr. Act. secs. 47, 48.)

Bates *v.* Sierra Nevada Water and Mining Co.

After the objectionable portions of the answer were stricken out, sufficient remained to have allowed the defendant to prove any failure of plaintiff to perform the contract on his part, or any negligence or carelessness.

2. The notice was required to be given by the defendant.   No action on the part of the defendant was shown, before the twenty-third day of July, 1859.   The defendant is a corporation, under the laws of California, having its property and place of business in this State.   The notice given by Josiah Bates, does not purport to come from or to be the action of the defendant.   (Wood's Dig. art. 484.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We think the Court did not err in striking out the parts of the answer to which objection was taken by the plaintiff.   This matter seems to be rather in the nature of a tort, than matter showing a violation of contract on the part of the plaintiff.   The remainder of the answer, after the expunged portion, was sufficient to let in any proper proof of a violation of the contract by inattention to or neglect of the business of the defendant.

As to the second point, we think the notice contemplated by the contract was notice from the corporation organized and doing business in this State, and not notice of instructions from the committee of the London agency.

Judgment affirmed.